UNITED STATES COURT OF INTERNATIONAL TRADE

La Molisana SpA

                    Plaintiff,

        v.

United States,

                    Defendant.

Court No. 26-02704

Complaint

## COMPLAINT

Plaintiff La Molisana SpA ("La Molisana") by and through its attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the 19 U.S.C. § 1675 administrative review of *Certain Pasta From Italy*, *Federal Register* notice published as *Certain Pasta From Italy: Final Results of Antidumping Duty Administrative Review; 2023-2024* at 91 Fed. Reg. 12582 (March 16, 2026).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff La Molisana is a corporation organized under the laws of the Italian Republic (Italy). Plaintiff produced and/or exported pasta in Italy and exported the same to the United States. Plaintiff La Molisana was designated as a mandatory respondent in the antidumping administrative review for the period of

review (POR) between July 1, 2023, and June 30, 2024.

4. Pursuant to 19 U.S.C. §1516a(2), Plaintiff La Molisana is an interested party as defined in 19 U.S.C. §1677(9)(A), as Plaintiff La Molisana is a party to the proceeding in connection with which this matter arises.

5. Plaintiff La Molisana has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiff commenced this action by filing a Summons with this Court on April 7, 2026, which was within thirty days after the date of the publication of the final results in the *Federal Register.* Plaintiff La Molisana is filing this complaint on May 1, 2026, which is within thirty days from the date of the filing of the Summons.  In accordance with Rule 6(a), this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On August 14, 2024, the U.S. Department of Commerce ("Commerce" or the "Department") initiated this administrative review for the POR between July 1, 2023, and June 30, 2024.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 66035 (August 14, 2024).

8. Between November 6, 2024, and June 24, 2025, Plaintiff La Molisana submitted responses to the Department's questionnaires.

9. On September 4, 2025, the Department published the preliminary results as *Certain Pasta From Italy: Preliminary Results and Rescission, in Part, of Antidumping Duty Administrative Review; 2023-2024,* 90 Fed. Reg. 42743 (September 4, 2025). Plaintiff La Molisana was assigned a rate of 91.74%.

10. On November 6, 2026, Plaintiff La Molisana filed an administrative case brief with the Department of Commerce challenging the preliminary results.

11. On December 31, 2025, the Department published a Post-Preliminary

Analysis. Plaintiff La Molisana was assigned a rate of 2.26%.

12.    On January 26, 2026, Plaintiff La Molisana and the domestic industry filed administrative case briefs in response to the Post-Preliminary Analysis.

13.    On February 5, 2026, Plaintiff La Molisana o and the domestic industry filed administrative rebuttal briefs with the Department.

14.    On March 12, 2026, the Department issued the final results.  On March 16, 2026, these results were published in the Federal Register as *Certain Pasta From Italy: Final Results of Antidumping Duty Administrative Review; 2023-2024* at 91 Fed. Reg. 12582 (March 16, 2026).  In the final results, the Department raised La Molisana's rate to 2.65%. Nonetheless, the Department continued to unlawfully use the average-to-transaction method under the differential pricing analysis for the final results.

## STANDARD OF REVIEW

15.    The standard of review of a final determination made by the Department of Commerce in a countervailing duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning," *Taian Ziyang Food v. United States*, 33 CIT, Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might

3

accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

16.    Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S.Ct. 2244 (2024), which struck down the concept of *Chevron* deference, the ultimate interpretation of the statute is left to the Court.

17.    This Court must hold as unlawful any decision by the Department which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

18.    The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

19.    19 U.S.C. § 1677f-1(d)(1)(B) does not authorizes the Department to freely use the average-to-transaction method.

20.    The Department failed to provide an explanation for choosing the average-to-transaction method over the average-to-average method.

### COUNT TWO

21.    The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

22.    The Department's use of the price difference test is unreasonable and overlooks the facts, particularly with respect to raw material prices, of this administrative review.

23.    The Department failed to provide an explanation of why the price difference test can be reasonably used, given the facts of this administrative review.

## COUNT THREE

24.    The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

25.    The Department's use of the price difference test failed to distinguish between La Molisana's products.

26.    The Department erroneously uses the price difference test because it failed to provide an explanation of how the price difference test can account for La Molisana's products being classified under the same CONNUM but with different prices.

## COUNT  FOUR

27.    The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

28.   The Department's change in standard from the prior standards used in a differential pricing analysis is unlawful.   To the extent that the Department uses a differential pricing analysis, it should not change the prior standards.

29.    The Department's change in standard is not properly explained nor is it justified by the facts.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one to four of Plaintiff La Molisana's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

5

3.  Awarding attorney fees and costs; and

4.  Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to La Molisana SpA

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
david.craven@tradelaw.com

Date:  May 1, 2026