**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | | |
|---|---|---|
| PASTIFICIO LUCIO GAROFALO SPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 26-02686 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| LA MOLISANA SPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 26-02704 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT MOTION TO CONSOLIDATE**

Pursuant to Rule 42 of the Rules of this Court, defendant, the United States, respectfully requests that the Court consolidate *Pastificio Lucio Garofalo SpA v. United States*, Ct. No. 26-02686, and *La Molisana SpA v. United States*, Ct. No. 26-02704, under the first-filed case: *Pastificio*, Ct. No. 26-02686.  Defendant also requests that the Court permit the Department of Commerce (Commerce) to file a single administrative record index for the consolidated case within 10 days of the Court's order on consolidation,[1] with the parties to file a joint status report and proposed briefing schedule no later than 30 days after the filing of the administrative record

---

[1]  The administrative records in both cases are currently due on June 10, 2026.  To the extent the Court does not rule on this motion by June 10th, we request that the Court hold those deadlines in abeyance until it issues a ruling.

index, in accordance with USCIT Rule 56.2(a)(5). On May 28, 2026, David Craven—counsel for both plaintiffs—indicated his consent to this motion.

Good cause exists for this request. Pursuant to Rule 42, "{i}f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court possesses "broad discretion" in determining whether to grant consolidation. *Manuli, USA, Inc. v. United States*, 659 F. Supp. 244, 247 (Ct. Int'l Trade 1987). "Of the factors that the court may consider in reaching its decision when two cases involve common legal or factual threads, judicial economy sits chief among them." *RHI Refractories Liaoning Co., Ltd. v. United States*, 35 CIT 407, 410, 774 F. Supp. 2d 1280, 1283 (2011).

Here, plaintiffs in both actions challenge the same administrative proceeding and the cases have the same administrative record. Specifically, both cases challenge Commerce's final results in the same administrative review of the antidumping order covering certain pasta from Italy. *See Certain Pasta from Italy*, 91 Fed. Reg. 12,582 (Dep't of Commerce 2026), and accompanying issues and decision memorandum (IDM). Moreover, the cases involve common issues of law and fact, with both plaintiffs challenging Commerce's use of the price difference test and the average-to-transaction method. *See Pastificio* Compl. ¶¶ 18-29, Ct. No. 26-02686 (ECF No. 7); *La Molisana* Compl. ¶¶ 18-29, Ct. No. 26-02704 (ECF No. 6). Indeed, the four counts in each complaint are nearly identical. *See id*.

Consolidating these cases will promote judicial efficiency and conserve the resources of the parties and the Court. *See Midwest Community Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491 (N.D. Ill. 1983) (explaining that the "purpose of joining actions is to promote

convenience and judicial economy") (citing *Johnson v. Manhattan Rwy. Co.*, 289 U.S. 479, 496-97 (1983)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2nd Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation.").  And because these cases have been assigned to the same judge, consolidation should not result in any increased administrative burden on the Court and should, in fact, increase efficiency for the Court and the parties by having a single briefing schedule, administrative record, and oral argument.  Consolidating these actions would also lead to efficient, accurate, and consistent liquidation of entries upon the disposition of both cases, including any subsequent appeals.

Given these considerations, consolidation of the cases is appropriate.  Accordingly, we respectfully request that the Court grant our motion to consolidate and permit the Department of Commerce (Commerce) to file a single administrative record index for the consolidated case within 10 days of the Court's order on consolidation, with the parties to file a joint status report and proposed briefing schedule no later than 30 days after the filing of the administrative record index, in accordance with USCIT Rule 56.2(a)(5).

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

/s/ Sosun Bae
SOSUN BAE
Senior Trial Counsel
United States Department of Justice

3

Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7568
Fax: (202) 514-8624
Email: Sosun.Bae@usdoj.gov

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | | |
|---|---|---|
| PASTIFICIO LUCIO GAROFALO SPA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 26-02686 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) | |
| LA MOLISANA SPA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 26-02704 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of defendant's consent motion to consolidate, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that *Pastificio Lucio Garofalo SpA v. United States*, Ct. No. 26-02686, and

*La Molisana SpA v. United States*, Ct. No. 26-02704, are consolidated under lead case *Pastificio*

*Lucio Garofalo SpA v. United States*, Ct. No. 26-02686, and it is further

ORDERED that the Department of Commerce file the administrative record index within

10 days of this order, and it is further

ORDERED that the parties file a joint status report and proposed briefing schedule within

30 days of the filing of the administrative record index.


Dated: _____, 2026
     New York, NY                _____
                                                SENIOR JUDGE